■ HONEY MANN, Appellant, v. COMPANIA PETROLERA TRANS-CUBA, S. A. et al., Defendants. PETER L. F. SABBATINO et al., as Receivers of COMPANIA PETROLERA TRANS-CUBA, S. A., et al., Respondents. HONEY MANN, Appellant, v. COMPANIA PETROLERA TRANS-CUBA, S. A., et al., Defendants. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Appellants; PETER L. F. SABBATINO et al., as Permanent Co-Receivers, Respondents.— Order, entered on July 16, 1965, appointing Referee and reserving certain applications for allowances, unanimously modified, on the facts and the law and as a matter of discretion, to delete provisions providing for the fixing of fees by the court and directing instead that fees be fixed in accordance with memorandum on this and companion motions, with costs and disbursements to appellant payable out of funds in the hands of receiver. Settle order on notice. Order, entered on April 13, 1966, granting an allowance to former attorneys for plaintiff, unanimously affirmed, with costs and disbursements to respondent payable out of funds in the hands of receiver. Settle order on notice. Orders, entered on April 13, 1966, fixing fees unanimously reversed, on the facts and the law and in the exercise of discretion, and fees directed to be fixed in accord with memorandum filed herewith, with costs and disbursements to each appellant

payable out of funds in the hands of receiver. Settle order on notice. This is a receivership proceeding pursuant to article 12 of the Business Corporation Law (Civ. Prac. Act, § 977-b when the action was instituted). It concerns Compania Petrolera Trans-Cuba, S. A., a Cuban corporation which had been nationalized by the Cuban government. The action was instituted by a local stockholder. In the course of the proceeding Special Term made an order referring all issues raised by objections to the receivers' account to Hon. SAMUEL C. COLEMAN, except the fixation of fees of the receivers, their counsel and accountants, and the fees of certain attorneys who had represented the plaintiff, and making provision for the fixation of such fees by the court. Pursuant to the directions of this order, the other four orders under appeal were entered fixing interim fees for the receivers, their attorneys, their counsel and the former attorneys for the plaintiff. We believe this to have been in certain respects an improvident exercise of discretion. No party objects to the reference and we believe it to have been well advised. The reservation of the power to fix fees and direct interim payments from the fund was not well advised, as the further developments amply demonstrate. Prior to these applications the receivers and their attorneys received payments in substantial amounts. At the present time no one of the several counsel who appeared on this appeal was able to advise the court what percentage of the investment made by the stockholders will be recouped by virtue of the proceeding. This will depend largely on the evidence submitted to the Referee and the action taken on his report. Surely this will have some influence on the fees to be awarded. Secondly, all parties agreed that the reference should be completed shortly and the labors of all terminated. However, all the recipients of fees admit that further services are still required and further applications will be in order. Moreover, the services are somewhat unusual, giving rise to conflicting ideas of the amount and character of the work involved and as to its proper compensation. Such issues are rarely subject to an adequate solution by way of affidavits. Lastly, without criticism, intended or to be implied, of the parties to this appeal, it is only natural to recognize that this lengthy matter will be expedited by withholding fees until its completion. We believe that all these objections to the fixation of fees as presently made can be obviated. Upon completion of the hearings before the Referee on the objections to the receivers' accounts, he can then take testimony as to the value of the services rendered by the respective parties to this appeal and forward his findings and recommendations on the same as part of his report. There is one exception to the above. The former attorneys for the plaintiff, for whom there has been a substitution, have long since completed their services. Had it not been for their prompt and able action, no fund would have been realized. While there is always difference of opinion as to the value of legal services, we find that objections to the fee awarded do not rest on any substantial basis. As we find that a hearing would not result in any substantial reduction, the order fixing their fees is affirmed. Concur — Botein, P. J., Breitel, McNally, Steuer and Witmer, JJ.